IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

BRENT JUSTIN BONECUTTER,

     Plaintiff,

v.                                       CIVIL ACTION NO. 3:09-0608

MICHAEL J. ASTRUE,
Commissioner of Social Security,

     Defendant.

## FINDINGS AND RECOMMENDATION

Presently pending before the Court is defendant's motion to dismiss the complaint as not timely filed. Defendant brings her motion under the provisions of 42 U.S.C. § 405(g), which provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The motion is supported by the Declaration of Marian Jones, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, in which it is asserted that on June 20, 2008 a hearing decision denying plaintiff's claim was issued and a copy mailed to plaintiff who then requested

review of the decision by the Appeals Council. On March 27, 2009, the Appeals Council mailed plaintiff and his attorney notice of its denial of the request for review, informing plaintiff of his right to commence a civil action within sixty days from the date of receipt. The notice was mailed to plaintiff's correct address, according to the declaration. A request for an extension of time was not submitted, and the present civil action, commenced June 3, 2009, was filed beyond the period contemplated by the statute and the Commissioner's regulations.

Although § 405(g) provides for a sixty day period "from mailing" for filing suit, it also authorizes extension of the period to "such further time as the Commissioner of Social Security may allow." By regulation, the Commissioner has extended the period to sixty days after notice is "received," providing that the date of receipt "shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

In response to the motion to dismiss, plaintiff's counsel attempts to rebut the presumption of receipt within five days by asserting that her copy of the notice sent by the Appeals Council had a different date stamped on it than the notice submitted by the Commissioner. The date on counsel's copy of the notice is April 2, 2009,[1] six days later than the Appeals Council's notice. Also submitted is an affidavit from counsel's legal assistant in which she states "we received the Appeals Council denial dated April 2, 2009," and then "[s]hortly" after receiving it she "calculated 60 days from the date on the notice which was the only date on the notice." The legal assistant added that her "usual and customary practice" is not to count the five mailing days. The Commissioner has made no further response.

---

[1]The date is not stamped in the area designated for such, however.

This affidavit and the Appeals Council notice with a later date are all plaintiff offers to rebut the presumption that he received the notice on or before April 1, 2009, five days after the mailing date. The response addresses only when his attorney supposedly received the notice but is silent as to when plaintiff received his copy of the notice, what date was on it, whether he contacted his attorney upon receiving it and other significant facts. Plaintiff has clearly not rebutted the presumption that he received his copy of the notice on or before April 1, 2009, and the Court concludes that counsel's assertions are, similarly, not sufficient to overcome the presumption.[2]

While counsel argues "in the alternative," that if the date of April 2, 2009 were stamped on the Appeals Council notice "in error,"[3] and the correct date of the Appeals Council's decision was not put on the notice, this constitutes good cause under 20 C.F.R. § 404.911(b)(6) for missing the deadline to request review. This argument is also without merit as the regulation which plaintiff cites deals with the missing of deadlines before the Commissioner and is not applicable here. It could have been utilized by plaintiff to request from the Appeals Council an extension of time to file the civil action herein, but it was not, and it cannot now be used to justify plaintiff's missing the deadline. Finding that the complaint was not timely filed and that the facts do not establish that "rare case" in which equitable tolling is appropriate, Bowen v. City of New York, 476 U.S. 467, 481 (1986), the Court concludes that defendant's motion to dismiss should be granted.

---

[2]See, Leslie v. Bowen, 695 F. Supp. 504, 506 (D. Kan. 1988) (where the court found that an affidavit stating a later date was clearly not enough to rebut the presumption); Rouse v. Harris, 482 F. Supp. 766, 769 (D. N.J. 1980) (a more "concrete" showing is necessary to rebut the presumption); Marte v. Apfel, 1998 WL 292358 at *2 (S.D. N.Y. June 3, 1998) ("a plaintiff must present some affirmative evidence indicating the actual receipt occurred more than five days after issuance.")

[3]She does not indicate whose error.

## RECOMMENDATION

In light of the foregoing, it is **RESPECTFULLY RECOMMENDED** that defendant's motion to dismiss be granted and this case be dismissed and retired from the Court's docket.

Plaintiff and defendant are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provision of Rule 72(b), Fed.R.Civ.P., the parties may, within fourteen days of being served with a copy of the Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. § 636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file this Findings and Recommendation and mail a copy of the same to all counsel of record.

ENTER:    January 28, 2010

MAURICE  G.  TAYLOR,  JR.
UNITED  STATES  MAGISTRATE  JUDGE

4